# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**MELVIN DOKICH**, No. 18725-424, )
                                                          )
                             Petitioner, )
                                                          )
                v. )          Case No. 14 C 1510
                                                           )
**J. S. WALTON**, Warden, U.S.P. Marion, )
                                                           )
                            Respondent. )

## MEMORANDUM OPINION AND ORDER

Melvin Dokich ("Dokich"), like the proverbial bad penny, has turned up again. This time he seeks to invoke the traditional habeas corpus vehicle, 28 U.S.C. § 2241,[1] to claim his actual innocence of the massive securities-fraud-related and money laundering charges to which he pleaded guilty back in August 2007 and on which he was sentenced nearly a year later. Because Dokich is a recidivist in the non-criminal offense of revisionist history, a review of the bidding is required to provide a background against which his current effort may be evaluated.

Here is the manner in which now Chief Judge Diane Wood of our Court of Appeals began her opinion for the panel in its July 21, 2010 rejection of Dokich's direct appeal (614 F. 3d 314, 315-16 (7th Cir. 2010):

> Melvin Dokich sold stock for Efoora, Inc., a company that claimed to be developing diagnostic tests for HIV, mad-cow disease, and blood glucose levels. Unfortunately, Efoora in the end was nothing but a phony. The company invited potential investors and customers to its headquarters in Buffalo Grove, Illinois, where they received tours of manufacturing facilities staffed by temporary laborers and filled with fake test kits and empty boxes. Dokich and others who

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

sold stock lied about Efoora's sales figures, promised that the company would soon be traded publicly, and falsely said that federal agencies were poised to approve its diagnostic tests for sale in the United States. During his time with Efoora, Dokich and his group defrauded thousands of investors of millions of dollars.

It is impossible to run such a scam forever, and Efoora was no exception. In 2006, a grand jury returned an indictment charging Dokich -- along with David Grosky, Efoora's CEO, and Craig Rappin, its COO -- with nine counts of mail and wire fraud, 18 U.S.C. §§ 1341 and 1343; four counts of money laundering, 18 U.S.C. § 1956(a)(1); four counts of illegal monetary transactions, 18 U.S.C. § 1957; and 33 counts of illegal structuring transactions, 31 U.S.C. § 5324(a)(3).

Dokich did not enter into a plea agreement with the government, instead voluntarily entering a blind guilty plea to one wire fraud count and all 33 money laundering counts after having reached an informal agreement with the government that the other charges against him would be dismissed at the time of sentencing.

Nothing in Dokich's direct appeal, which he handled pro se, challenged the guilt that he had acknowledged in the lengthy guilty plea proceedings that he had shared with David Grosky (a proceeding that occupied some 54 pages of transcript). Dokich now dredges up a twisted version of events, one that contradicts what he had stated during those proceedings as to the known illegality of his conduct, in an effort to support his currently advanced position of a newly-acquired realization that he could establish that he was not guilty as charged -- something that had not been known to him at the time of his guilty plea.

This however is not the first attempt by Dokich to squirm out from under the meaning and effect of his admissions of guilt during the plea proceedings referred to in the last paragraph. As this Court stated at the outset of its July 17, 2012 memorandum opinion and order (in Case No. 11 C 7568, 2012 WL 2920999 at *1) as to Dokich's ensuing pro se effort:

> Something over a year later [than the earlier-cited and -quoted Court of Appeals opinion] Dokich has deluged this Court with reams of paper in support of a

> still-timely 28 U.S.C. § 2255 ("Section 2255") motion challenging various aspects
> of his conviction and sentence. Substantial further briefing -- most recently the
> Government's July 12, 2012 Supplement Response to Dokich's most recent
> offering -- followed at this Court's direction.

That Section 2255 motion was devoted to Dokich's contention that he had suffered from constitutionally inadequate representation by his District Court counsel. But on that score this Court summarized in this fashion its holding denying the Section 2255 motion and dismissing that action (id.):

> Every one of Dokich's complaints about representation at the District Court level
> is totally torpedoed by the transcript of the August 27, 2007 proceedings during
> which Dokich pleaded guilty.

And even more to the point in current terms, the July 17, 2012 opinion went on to particularize (id.):

> What is particularly troubling about Dokich's current contention that his guilty
> plea was not made knowingly, including his statement that he "was dazed and
> confused and even though the words 'yes I understand' came from his mouth, his
> heart and mind had no understanding of what in fact was transpiring," is its total
> inconsistency with his answers and his demeanor throughout the plea proceeding.
> This Court was meticulous not only in covering all of the bases during the taking
> of the guilty plea but also in observing Dokich during the process, and it finds his
> after-the-fact arguments wholly lacking in bona fides. It is particularly disturbing
> to find a defendant engaging in such revisionist history, falsely portraying matters
> that he expressly acknowledged during every part of the plea proceedings. If
> Dokich's current performance had taken place before sentencing rather than in a
> post-sentencing Section 2255 motion, he would have lost the benefit of
> acceptance of responsibility, with a consequent major ratcheting up of the
> advisory Guideline range.

But even that does not fully portray the tangled web that Dokich has woven by his attacks that antedated his current effort. After this Court had rendered its Section 2255 decision, he then sought to proceed on appeal in forma pauperis, a motion that the Court of Appeals transferred to this Court for ruling. This Court's brief October 11, 2012 memorandum opinion

and order (2012 U.S. Dist. LEXIS 106673[2]) denied Dokich's motion for in forma pauperis treatment because he had failed to assert a nonfrivolous ground (in the objective sense) for the appeal (citing, e.g., Lee v. Clinton, 209 F. 3d 1025, 1026-27 (7th Cir. 2000)). Dokich then re-presented the issue to the Court of Appeals, which then denied a certificate of appealability and later refused his motion for en banc treatment.

Now Dokich, whom this Court understands to have essentially completed the custodial term of his sentence (apparently he is in halfway house status), seeks to call upon Section 2241 as a vehicle for advancing what he characterizes as a claim of actual innocence of which he now has evidence. Although what this Court has covered up to this point may appear to be the long way around to its reaching the conclusion to be stated a bit later, it should be plain from what has been said earlier that what Dokich had urged and was rejected in his unsuccessful Section 2255 motion had also clearly amounted to a claim of actual innocence.

With that being the case, Dokich is scarcely in a position to now argue that a second claim of actual innocence is somehow being advanced under Section 2241 when his earlier effort was brought under Section 2255. In that respect our Court of Appeals' decisions in such cases as Kramer v. Olson, 347 F. 3d 214, 217 (7th Cir. 2003) and Melton v. United States, 359 F. 3d 855, 857-58 (7th Cir. 2004) teach that the tyranny of labels does not apply here -- that Dokich is actually putting forth a "second or successive application," which under Section 2244(b)(3) must be presented not in this District Court but rather in our Court of Appeals.

---

[2] Unlike this Court's earlier-discussed Section 2255 ruling, what is now referred to was not available through Westlaw.

- 4 -

Accordingly this Court is very much in the position of the waiter who tells the customer that the waiter can't tell him what time it is because it is not the waiter's table. Dokich's petition is therefore denied as having been tendered to the wrong court.

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: April 11, 2014